# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3401

_____

Robert Jankovitz; Vera M.
Easler; Allaire Jutting; Marilyn
Reese; Merritta Florence;
Robert D. Sandquist,

        Plaintiffs-Appellees,

    v.

Des Moines Independent
Community School District,

        Defendant-Appellant.

\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa

_____

Submitted: June 22, 2005
Filed: August 29, 2005

_____

Before ARNOLD, McMILLIAN and COLLOTON, Circuit Judges

_____

McMILLIAN, Circuit Judge.

The Des Moines Independent Community School District ("defendant") appeals from a final judgment entered in the United States District Court[1] for the Southern District of Iowa in favor of six current or former employees of defendant

---

[1]The Honorable Ronald E. Longstaff, Chief United States District Judge for the Southern District of Iowa.

("plaintiffs") on their age discrimination claims challenging defendant's employee retirement incentive plan, as amended effective May 15, 2001 ("amended ERIP"). Jankovitz v. Des Moines Indep. Cmty. Sch. Dist., No. 4:03-CV-10296 (S. D. Iowa Sept. 20, 2004) (judgment). For reversal, defendant argues that the district court erred in holding as a matter of law that the amended ERIP violates the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and does not fall within the safe harbor provision set forth in 29 U.S.C. § 623(f)(2)(B)(ii). Id. (July 28, 2004) (order disposing of cross-motions for summary judgment) ("slip op."). For the reasons stated below, we affirm.

Jurisdiction in the district court was proper based upon 28 U.S.C. §§ 1331, 1343. Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

**Background**

Before May 15, 2001, defendant offered its employees early retirement benefits that included payment of health insurance premiums until the age of 65 and a one-time cash payment equal to approximately thirty percent of the employee's annual salary. Effective May 15, 2001, defendant amended its early retirement benefits plan so that eligible teachers could receive a lump sum payment based upon the number of unused sick leave days accumulated as of the date of retirement. "Generally speaking, after the amendment, plan benefits were based on a $200 credit for each unused sick leave day." Appellant's Appendix at 10 (Defendant's Statement of Material Facts as to Which There is No Genuine Issue, ¶ 20).

On May 22, 2003, Robert Jankovitz filed the original complaint in this action, alleging that the amended ERIP violated the ADEA and Iowa's Wage Payment

Collection Law, Iowa Code Chapter 91A.[2] After the district court denied Jankovitz's motion to certify the matter as a class action, the complaint was amended to add five individual plaintiffs: Vera Easler, Allaire Jutting, Marilyn Reese, Meritta Florence, and Robert Sandquist.

According to the amended complaint, as of the end of the 2002-2003 school year, plaintiffs had each been continuously employed by defendant for at least ten years and at all relevant times were "employees" of defendant, as defined under the amended ERIP. During the 2002-2003 school year, Jankovitz notified defendant of his election to retire at the end of the school year and requested, upon retirement, payment of early retirement benefits under the amended ERIP. Jankovitz's request was denied because he was over the age of 65. Although the remaining plaintiffs did not formally request early retirement benefits under the amended ERIP, it is undisputed that, at the end of the 2002-2003 school year, each plaintiff would have been denied benefits under the amended ERIP because each was over the age of 65.[3] In their prayer for relief, plaintiffs requested, among other things, that the district court declare defendant's amended ERIP in violation of the law for discriminating against them on the basis of their age. Plaintiffs also sought an award of compensatory damages based upon their unused sick leave at the time of retirement, at a rate of $200 per day. See Appellant's Appendix at 27-40 (amended complaint with exhibits).

---

[2]Defendant does not address this state law claim on appeal. Defendant explains: "At the hearing in the District Court, plaintiffs' counsel agreed that the disposition of the ADEA claim would also control the disposition of plaintiffs' Iowa Code Chapter 91A claim. . . . Accordingly, defendant has only briefed the ADEA issue since, again, its outcome is case determinative." Brief for Appellant at 8 n.2.

[3]The district court noted that, because defendant had conceded each plaintiff's age ineligibility under the amended ERIP, there was no dispute that each plaintiff had standing to bring an age discrimination claim. Jankovitz v. Des Moines Indep. Cmty. Sch. Dist., No. 4:03-CV-10296, slip op. at 3 n.1 (S. D. Iowa July 28, 2004).

Defendant filed an answer to the amended complaint and a motion for summary judgment. Defendant noted, among other things, that each plaintiff had the opportunity between the ages of 55 and 65 to elect early retirement under the then-current early retirement incentive plan. Regarding the lawfulness of its amended ERIP, defendant maintained that it was entitled to judgment as a matter of law on its affirmative defense under 29 U.S.C. § 623(f)(2)(B)(ii), which was added to the ADEA by Congress's enactment in 1990 of the Older Workers Benefits Protection Act (OWBPA).[4] That subsection provides:

> It shall not be unlawful for an employer, employment agency, or labor organization –
>
> . . . .
>
> (2) to take any action otherwise prohibited under subsection (a),(b),(c), or (e) of this section –
>
> . . . .

---

[4]Congress enacted the Older Workers Benefits Protection Act (OWBPA) in response to the Supreme Court's decision in Pub. Employees Ret. Sys. v. Betts, 492 U.S. 158 (1989) (holding that the ADEA applies only to hiring, firing, wages, salaries, and "other non-fringe-benefit terms and conditions of employment"), in order to clarify that the ADEA applies to all employee benefits, including early retirement benefits. See, e.g., Auerbach v. Bd. of Educ. of the Harborsfield Cent. Sch. Dist., 136 F.3d 104, 112 (2d Cir. 1998) ("[The OWBPA] unmistakably overturns the reasoning and holding of the Supreme Court in Betts and revives the ADEA's original purpose to eliminate arbitrary age discrimination in all facets of the workplace, including employee benefits."); EEOC v. Hickman Mills Consol. Sch. Dist. No. 1, 99 F. Supp. 2d 1070, 1075 (W.D. Mo. 2000) ("Congress endorsed the need for the OWBPA to be included under the ADEA to combat discrimination in employee benefits.").

> (B) to observe the terms of a bona fide employee benefit plan–
>
> . . . .
>
> (ii) *that is a voluntary early retirement incentive plan consistent with the relevant purpose or purposes of this chapter.*

29 U.S.C. § 623(f)(2)(B)(ii) (emphasis added).

Plaintiffs filed a cross-motion for summary judgment asserting that the amended ERIP discriminated on the basis of age as a matter of law, notwithstanding defendant's affirmative defense based on § 623(f)(2)(B)(ii).

Upon review of the parties' cross-motions for summary judgment, the district court held that the amended ERIP violated the ADEA as a matter of law. Regarding defendant's affirmative defense based on § 623(f)(2)(B)(ii), the district court noted that the statutory provision sets forth two requirements: (1) voluntariness and (2) consistency with the purposes of the ADEA. The district court agreed with defendant that the amended ERIP was voluntary within the meaning of § 623(f)(2)(B)(ii). The district court concluded, however, that defendant could not establish the amended ERIP's consistency with the statute's relevant purpose to prevent age discrimination. Slip op. at 9.

The district court reasoned that the determination of whether a plan is consistent with the purposes of the ADEA must be made on a case-by-case basis. In the present case, two teachers employed by defendant with the same educational background, the same number of accumulated sick days, and the exact same number of years of employment with defendant could receive entirely different benefits upon retirement based solely upon their age (if, for example, one were 64 years old and the

other 66 years old at the time of their respective retirements). The district court concluded: "This type of plan conflicts with the ADEA." Id. at 10 (citing Auerbach v. Bd. of Educ. of the Harborfields Cent. Sch. Dist., 136 F.3d 104, 114 (2d Cir. 1998)) (Auerbach) ("An early retirement incentive plan that withholds or reduces benefits to older retiree plan participants, while continuing to make them available to younger retiree plan participants so as to encourage premature departure from employment by older workers conflicts with the ADEA's stated purpose to prohibit arbitrary age discrimination in employment."). The district court further explained:

> The problem lies with the fact that the Plan defines "early" in terms of the employee's age, rather than years of service or salary. What the Plan fails to recognize is that one's "ability to retire early is typically dependent on a host of factors other than age: one's years of service with the employer, . . . savings, dependents, health, and so on." . . . The Court is confident [defendant] could still see a substantial cost savings by limiting participation in the ERIP to those with less than a specified number of years of service and/or salary level.

Slip op. at 11 (quoting Solon v. Gary Cmty. Sch. Corp., 180 F.3d 844, 853 (7th Cir. 1999) (Solon)).

The district court rejected defendant's argument that the amended ERIP was lawful because there was a potential for an employee's early retirement benefits to increase under the amended ERIP as the employee ages within his or her window of eligibility. In response to that argument, the district court noted: "[t]he fact remains, however, that . . . all benefits under the Plan are cut off at the age of 65." Slip op. at 7. The district court also rejected defendant's argument that plaintiffs' age discrimination claim failed for lack of evidence of a discriminatory intent. The district court explained: "defendant drafted its ERIP to exclude all employees over the age of 65 from participating in the Plan. Such a Plan necessarily results in differences in treatment based on age, and is sufficient to create an inference of

discriminatory intent." Id. at 12 (citing Solon, 180 F.3d at 846-49, 852-53, 855). After determining each plaintiff's respective damages, the district court entered judgment for plaintiffs. Defendant appealed.

## Discussion

We review a grant of summary judgment *de novo*. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Where, as here, the unresolved issues are primarily legal, rather than factual, summary judgment is particularly appropriate. See Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. 1990).

The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her "compensation, terms, conditions, or privileges of employment," which specifically encompass "all employee benefits." 29 U.S.C. §§ 623(a), 630(l). In the present case, it is undisputed that an employee is ineligible for early retirement benefits under the amended ERIP if he or she is over the age of 65. Defendant's amended ERIP is therefore discriminatory on its face. Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985) (Thurston) (where availability of privilege of employment depends upon age, holding that the policy in question is "discriminatory on its face."). Under these circumstances, intent to discriminate can be presumed. See, e.g., EEOC v. Hickman Mills Consolidated Sch. Dist. No. 1, 99 F. Supp. 2d 1070, 1076 (W.D. Mo. 2000) (Hickman Mills) (where benefit plan reduces benefits available based solely upon the age of the employee, intent to discriminate can be presumed). Moreover, age discrimination can be established with respect to employee benefits regardless of whether the employer was

required to provide the benefits in question to its employees. See, e.g., Thurston, 469 U.S. at 120-21 (employer was not required to grant privilege at issue to its employees; however, having elected to do so for some employees, employer could not deny the same opportunity to others because of their age).

Defendant nevertheless argues that the amended ERIP does not violate the ADEA because it is within the safe harbor provision of 29 U.S.C. § 623(f)(2)(B)(ii). More specifically, defendant maintains that the district court erred in holding as a matter of law that the amended ERIP does not satisfy the second requirement of § 623(f)(2)(B)(ii) – that it be consistent with the relevant purpose or purposes of the ADEA. Defendant identifies as the ADEA's relevant purpose: "to prohibit arbitrary age discrimination in employment." Brief for Appellant at 11. Defendant argues that the amended ERIP is consistent with this stated purpose because it does not cause "a 'discriminatory deprivation' of an 'otherwise available benefit' to which the employee should be entitled regardless of his or her decision to retire early." Rather, defendant contends, "the accumulated sick leave [benefit] is a true incentive offered to give employees an opportunity to retire early." Id. at 11-12.

Defendant relies upon Auerbach as "relevant authority supporting the legality of the Des Moines School District's plan." Id. at 16. Defendant explains:

> Congress specifically envisioned plans exactly like the Des Moines School District's plan. In other words, plans that would include a time-related window (in the case of the Des Moines plan, ages fifty-five to sixty-five) during which, upon reaching a specified age, employees are offered a special incentive to retire. The Auerbach court went on to find that the plan before it did not arbitrarily discriminate on the basis of age.

Id. at 15-16.

Defendant continues: "As pointed out in <u>Auerbach</u>, . . . Congress explicitly envisioned plans containing a time-related window where upon attaining a specified age, employees are offered a special incentive to retire. Obviously, a 'time-related window' must have both a lower and upper age limit." <u>Id.</u> at 16 (citing <u>Auerbach</u>, 136 F.3d at 113).

Defendant also emphasizes that early retirement incentive plans have been deemed inconsistent with the purpose of the ADEA in cases where the available benefits *decrease* during an employee's window of eligibility. <u>See</u> <u>id.</u> at 17-23 (citing, e.g., <u>Karlen v. City Colleges of Chicago</u>, 837 F.2d 314 (7th Cir.) (<u>Karlen</u>) (early retirement incentive plan violates ADEA where benefits drop from eighty percent of accumulated sick pay to forty-five percent of accumulated sick pay when an employee reaches the age of 65), <u>cert. denied</u>, 486 U.S. 1044 (1988)). Defendant notes that, by contrast in the present case, the amount of benefits available during the window of eligibility under the amended ERIP may in fact *increase* during the window of eligibility because the amount of benefits is based upon accrued sick leave. For this additional reason, defendant suggests that the amended ERIP is lawful under § 623(f)(2)(B)(ii).

As noted above, when Congress enacted the OWBPA, it did so in part to clarify that the ADEA applies to all employee benefits, including early retirement benefits. As defendant points out, Congress was mindful to set forth specific affirmative defenses or safe harbor provisions, such as 29 U.S.C. § 623(f)(2)(B)(ii). Defendant bears the burden of proving its statutory affirmative defense. <u>See</u> 29 U.S.C. § 623(f)(2) ("An employer . . . shall have the burden of proving that such actions are lawful in any civil enforcement proceeding brought under this chapter.").

We agree with defendant that the relevant purpose of the ADEA is to prohibit arbitrary age discrimination in employment. <u>See</u> 29 U.S.C. § 621(b) (purpose of the ADEA is "to promote employment of older persons based on their ability rather than

age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment"). Arbitrary age discrimination occurs when an employer denies or reduces benefits based *solely* on an employee's age. See, e.g., Hickman Mills, 99 F.Supp.2d at 1075 ("[W]hile it is not unlawful to offer ERIPs, it is unlawful for an employer to condition early retirement benefits or reduce early retirement benefits on the employee's age."). That is precisely what defendant's amended ERIP does.

Moreover, contrary to defendant's argument, Auerbach does not support the conclusion that the amended ERIP is consistent with the purposes of the ADEA. Defendant's amended ERIP materially differs from the early retirement incentive plan that was at issue Auerbach. In Auerbach, eligibility for early retirement benefits was not based solely upon age, but also depended upon specific service requirements. Under the early retirement incentive plan in Auerbach,

> a participating teacher must actually retire at the conclusion of the year in which he or she first becomes eligible to retire (the optimum year) in order to secure the $12,500 fixed sum payment and the accumulated sick leave payment (together, the retirement incentive benefits). Teachers older than 55, but who have not yet fulfilled the service requirements, must retire in the year they complete the service requirements, *regardless of their actual age*, to receive the retirement incentive benefits. Conversely, a teacher who has already completed the service requirements by the time he or she reaches age 55 must retire at the conclusion of the school year during which he or she becomes 55 in order to obtain these benefits. Otherwise, the benefits are forever lost.

136 F.3d at 107-08 (emphasis added).

In other words, while the early retirement incentive plan at issue in Auerbach did involve a "time-related window," it did not have as its upper limit a fixed age. By

contrast, in the present case, the upper limit of eligibility under defendant's amended ERIP is the fixed age of 65.

Defendant's argument based upon cases such as Karlen is also unpersuasive. The basis for our conclusion that the amended ERIP is inconsistent with a purpose of the ADEA is the fact that the amount of available early retirement benefits drops to zero upon an employee's attainment of the age of 65. That adverse change in benefits is based solely upon age. In Karlen, and similar cases, early retirement benefit plans have been held unlawful because decreases in available benefits are tied to increases in age during the period of an employee's eligibility. Such cases stand for the proposition that adverse changes in employment benefits based solely upon age are inconsistent with the purposes of the ADEA. Therefore, Karlen and similar cases support our decision in the present case. See, e.g., Overlie v. Owatonna Indep. Sch. Dist. No. 761, 341 F.Supp.2d 1081, 1093 (D. Minn. 2004) ("The ERIP was not consistent with the purposes of the ADEA, however, because it results in arbitrary age discrimination. In particular, the ERIP offers incentive benefits that differ in amount for eligible employees based solely on the retiree's age.").

## Conclusion

In sum, we hold as a matter of law that defendant's amended ERIP violates the ADEA and does not fall within the safe harbor provision in 29 U.S.C. § 623(f)(2)(B)(ii).[5] The judgment of the district court is affirmed.

_____

[5]We need not address defendant's second argument on appeal, asserting that plaintiffs cannot alternatively establish liability under the ADEA on the basis that defendant amended the ERIP after each plaintiff had already reached the age of 65.

-11-